UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM H. BEALS, et al., | ) | CASE NO. 5:23-cv-2145 |
| | ) | |
| Plaintiffs, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| C&R INCESSANT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the motion for summary judgment (Doc. No. 40 (Motion)) filed by defendant C&R Incessant, Inc. ("C&R"). Plaintiffs William H. Beals ("Beals") and Ann M. Beals (collectively "plaintiffs") oppose the motion (Doc. No. 43 (Opposition)), and defendant filed a reply. (Doc. No. 45 (Reply).) For the reasons discussed herein, the motion for summary judgment is granted and the case is dismissed.

I.  **BACKGROUND**

On November 1, 2021, Beals was driving a tanker truck in the right lane of State Route 8, a two-lane roadway in Akron, Ohio. (Doc. No. 39 (Deposition of Beals), at 21, 29–31.)[1] He was driving directly behind defendant Changdong Sha's ("Sha") tractor-trailer (*id.* at 37), which Sha was driving for C&R. (*See* Doc. No. 1 ¶ 17; Doc. No. 40, at 3 (C&R's statement of undisputed material facts).) The weather was clear, the roads were dry, and Beals had no difficulty seeing Sha's tractor-trailer in front of him. (Doc. No. 39, at 37.) Though traffic was heavy, cars were

---

[1] Page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

moving at around forty miles per hour. (*Id.* at 25–26.)

As the right lane of State Route 8 turned into an exit ramp (*id.* at 31), Sha abruptly stopped his tractor-trailer. (*Id.* at 28.) Unable to slow his tanker in time, Beals crashed into the rear of Sha's vehicle. (*Id.* at 27.) The first points of contact between the vehicles were the front left bumper of Beals's tanker and the rear of Sha's tractor-trailer. (*Id.* at 35.) Beals's left leg was injured in the collision. (*Id.* at 40–41.)

In March 2022, Beals had surgery to repair his knee, and received physical therapy between March and June 2022. (*Id.* at 42–43.) He was out on disability benefits for three months (*id.* at 62–63) but has since returned to work as a truck driver. (*Id.* at 10–11.) In August 2024, he received a cortisol shot in the knee. (*Id.* at 44–45.) Beals has no current plans to seek additional medical treatment. (*Id.* at 46, 48–49.) As a result of his injuries, Beals is "slower doing [his] job" (*id.* at 51) and cannot perform some tasks around the home that require kneeling. (*Id.* at 58.)

Beals and his wife, Ann M. Beals, filed this action against C&R, Sha, and John/Jane Does 1–10.[2] Service was never executed on Changdong Sha. (*See* Doc. No. 13 (Return of Service by Clerk unexecuted upon Changdong Sha).) On February 8, 2024, the Court issued an Order directing plaintiffs to show cause by Februrary 29, 2024, why the claims against Sha should not be dismissed for failure to prosecute. (Order [non-document], filed 2/8/2024.) Plaintiffs never responded to the show-cause order.

## II. STANDARD OF REVIEW

When a party moves for summary judgment, it shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely

---

[2] On November 7, 2024, Beals voluntarily dismissed all claims against another defendant, Travelers Indemnity Company of America, under Fed. R. Civ. P. 41(A). (*See* Doc. No. 34 (Notice of Voluntary Dismissal).)

disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In reviewing summary judgment motions, the district court views the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). A factual dispute is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Determining whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict[.]" *Id.* at 252.

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the non-moving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991) (citation omitted). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (noting that summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish an essential element of that party's case and on which that party will bear the burden of proof at trial). Conclusory allegations, speculation, and unsubstantiated assertions are not

3

evidence, and cannot defeat a well-supported motion for summary judgment. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990).

In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; "[a] mere scintilla of evidence is insufficient[.]" *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003). Rule 56 further provides that "[t]he court need consider only" the materials cited in the parties' briefs. Fed. R. Civ. P. 56(c)(3); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989) ("The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)).

### III. DISCUSSION

Plaintiffs direct a negligence claim (Doc. No. 1 ¶¶ 34–37) at Sha and three related claims for loss of consortium (*id.* ¶¶ 38–40), vicarious liability (*id.* ¶¶ 21–27), and negligent entrustment (*id.* ¶¶ 28–33) at C&R, Sha, John/Jane Does 1–10, or some combination thereof. The Court addresses the claims against each defendant in turn.

#### A. Claims Against Changdong Sha

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties[,]" but Sha was never served in this case. *Empire Servs., Inc. v. Kanza,* 996 F.2d 1214 (6th Cir. 1993). C&R argues that dismissal of Sha is warranted under Fed. R. Civ. P. 4 for failure to effect service. (Doc. No. 40, at 10; *see* Doc. No. 45, at 6–7.) Beals counters that dismissal is premature. (Doc. No. 43, at 5–7.) The Court agrees with C&R.

On February 8, 2024, a week after the 90-day period (*see* Fed. R. Civ. P. 4(m)) for service of process expired, the Court directed plaintiffs to show cause why the claims against Sha should

4

not be dismissed by February 29, 2024.[3] (*See* Order [non-document], filed 2/8/2024.) Plaintiffs, who are represented by counsel, never responded to the Court's Order.

Sixteen months later, plaintiffs explain in their opposition that they made three unsuccessful attempts on June 5, 2024, July 11, 2024, and July 16, 2024, respectively, to serve Sha at his home address. (Doc. No. 43, at 6; *see generally* Doc. No. 43-2 (affidavit of Contra Costa County Sheriff David Livingston certifying three service attempts were made on Sha).) Because plaintiffs have now demonstrated "a good faith effort" to serve Sha and "good cause for the delay[,]" plaintiffs argue, dismissal under Rule 4 is not appropriate. (Doc. No. 43, at 7.)

A plain reading of Rule 4—and the law of this Circuit—supports dismissal without prejudice:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—*must dismiss the action without prejudice against that defendant or order that service be made within a specified time.* But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Good cause" is generally defined as "a reasonable, diligent effort" at proper service within 90 days. *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021). Counsel's mistakes or ignorance of the rules do not amount to good cause, *Thul v. Haaland*, No. 22-5440, 2023 WL 6470733, at *2 (6th Cir. Mar. 1, 2023) (citations omitted), and plaintiffs' untimely explanation (*see* Doc. No. 43, at 5–7) of their failure to effect service provides no indication why the first attempt only occurred on June 5, 2024—over four months after the 90-day service period closed—much less whether plaintiffs made a reasonable, diligent effort to serve Sha before then. Plaintiffs have thus failed to show good cause. *See, e.g.*, *Taylor v. First Med. Mgmt.,* No. 18-5282,

---

[3] In its February 8, 2024 show-cause order, the Court cited Fed. R. Civ. P. 41(b), which governs involuntary dismissals for failure to prosecute. Though the parties only addressed dismissal under Fed. R. Civ. P. 4(m), which governs failure to effect service, both rules support dismissal of Sha. *See Koehn v. 313 Presents, LLC*, 649 F. Supp. 3d 465 (E.D. Mich. 2023) ("To avoid dismissal for failure to prosecute, a plaintiff must demonstrate good cause for failing to timely serve process on a defendant.").

2019 WL 1313828, at *2 (6th Cir. Feb. 21, 2019) (affirming dismissal of unserved defendants where plaintiff failed to show good cause for delay in either of two motions to re-issue the summonses); *Sails v. Bluescope Bldgs. N. Am., Inc.*, No. 1:22-cv-1068, 2022 WL 11988108 (W.D. Tenn. Oct. 20, 2022) (adopting R&R dismissing case without prejudice for failure to effectuate service and failure to respond to a show-cause order that gave plaintiff additional time for service). Sha is accordingly dismissed without prejudice.

### B. Claims Against C&R

Two of plaintiffs' claims against C&R, loss of consortium (Doc. No. 1 ¶¶ 38–40) and vicarious liability (*id.* ¶¶ 21–27), are derivative of the negligence claim (*id.* ¶¶ 34–37) against Sha. *See, e.g.*, *Zeal v. Spirit Airlines, Inc.*, No. 1:23-cv-1784, 2024 WL 1703802, at *4 (N.D. Ohio Apr. 19, 2024) ("Because the Court finds that the negligence claim asserted . . . cannot stand as pleaded, the derivative claim of loss of consortium also fails"); *see also Comer v. Risko*, 833 N.E.2d 712, 716–717 (Ohio 2005) ("[T]here can be no vicarious liability imputed to a principal, if there is no liability on the part of the agent.") (citation omitted). The Court first addresses the derivative claims and then moves to the remaining count of negligent entrustment. (Doc. No. 1 ¶¶ 28–33.)

#### i. Loss of consortium and vicarious liability

Claims for loss of consortium and vicarious liability "cannot survive without the [underlying] negligence claim." *Wilkes v. Kokosing, Inc.*, No. 2:19-cv-2956, 2021 WL 4132326, at *3 (S.D. Ohio Sept. 10, 2021). Thus, as a threshold matter, the Court must address whether a reasonable jury could conclude that Beals's injury was caused by Sha's failure "to properly signal and change lanes[.]" (Doc. No. 1, ¶ 36.) Indeed, if the record does not demonstrate that Beals's injury was wholly or partially caused by Sha's alleged actions—or reveal a dispute of material fact about causation—there is no negligence or resulting loss of consortium for which C&R can be

6

vicariously liable. Plaintiffs must demonstrate: (1) a duty running from Sha to plaintiffs; (2) a breach of that duty; (3) damages sustained by plaintiffs; and (4) proximate causation of plaintiffs' damages by that breach of duty. *Loudin v. Radiology & Imaging Servs., Inc.*, 948 N.E.2d 944, 949 (Ohio 2011).

C&R argues that recovery is barred by Beals's own negligence *per se* in failing to keep the legally required distance between his and Sha's vehicles. (*See* Doc. No. 40, at 6–8.) According to C&R, Beals's negligence—not Sha's sudden stop—was the cause of his injuries. (*Id.* at 8.) Plaintiffs counter that Beals was not negligent. (Doc. No. 43, at 4–5.) The Court agrees with C&R.

Ohio law requires a driver to maintain an assured clear distance ahead (ACDA) between his vehicle and objects in his path of travel. *See* OHIO REV. CODE § 4511.21 ("no person shall drive any motor vehicle . . . at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead"). A driver violates Section 4511.21 if he collides "with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible." *Pond v. Leslein*, 647 N.E.2d 477, 478 (Ohio 1995) (citations omitted). A driver who violates the ACDA statute is negligent *per se*. *See Pursley v. Est. of Messman*, 154 N.E.3d 602, 609 (Ohio 2020); *see also Kinzer*, at *3–5 (applying Ohio Rev. Code § 4511.21 and finding that plaintiff's failure to keep assured clear distance precluded recovery for negligence).

Plaintiffs do not dispute the first two elements. With respect to the third element, plaintiffs argue that Sha stopping his tractor-trailer near the exit ramp caused the distance between the vehicles to be "suddenly cut down" due to no fault of Beals. (Doc No. 43, at 4.) It is true that no violation of the ACDA rule occurs where "'such assured clear distance ahead is, without [the driver's fault], suddenly cut down or lessened *by the entrance* within such clear distance and into

7

his path or lane of travel an obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith.'" *Didier v. Johns*, 684 N.E.2d 337, 340 (Ohio. Ct. App. 1996) (emphasis added) (quoting *Erdman v. Mestrovich*, 97 N.E.2d 674, 675 (Ohio 1951)). But Beals's own testimony reveals that it was not Sha's *entrance* into the lane that caused the ACDA to be cut down. On the contrary, Beals was driving behind Sha at forty miles per hour for some time. (*See* Doc. No. 39, at 37 (Beals explaining Sha's tractor-trailer was ahead of him before the collision occurred and did not suddenly appear); *see also id.* at 25 (Beals explaining he was driving at forty miles per hour at the time of the incident).) The collision occurred only when Sha's vehicle stopped—allegedly because Sha was attempting an improper lane change (Doc. No. 1 ¶ 18)—and Beals was unable to slow his tanker in time. (Doc. No. 39, at 27–28.) Thus, Sha did not "suddenly appear" in Beals's path. *See Pond*, 647 N.E.2d at 478.

In sum, the record reveals that: 1) Sha's tractor-trailer was ahead of Beals (Doc. No. 39, at 27); 2) both vehicles were driving southbound in the right lane (*id.* at 31); (3) Sha did not appear suddenly in Beals's path of travel (*id.* at 37); and (4) Sha's tractor-trailer was readily discernible before the collision occurred. (*Id.* at 37–38.) Thus, Beals was negligent *per se*. *See Wheeler v. Estes Exp. Lines*, 53 F. Supp. 3d 1032, 1038–39 (N.D. Ohio 2014) (granting summary judgment on the claim defendant was negligent *per se* for failing to maintain an ACDA).

Though plaintiffs allege that Sha negligently failed to signal (Doc. No. 1 ¶¶ 34–37), they do not argue that a comparative fault analysis should apply. (*See generally* Doc. No. 43.) But even if they had made this argument, summary judgment would still be proper on the derivative claims because the record reveals that Beals's own negligence *per se* was "the proximate cause of the injury[.]" *Cascone v. Herb Kay Co.*, 451 N.E.2d 815, 818–819 (Ohio 1983) (citations omitted); *see also Loudin*, 948 N.E.2d at 949 (finding proximate causation of damages by defendant's breach

8

of duty is necessary for plaintiff to recover on negligence claim). The distance required to comply with the ACDA rule "constantly changes as the motorist proceeds and is measured at any moment . . . by the distance between the motorist's car and any intermediate discernible static or forward moving object in the street or highway ahead constituting an obstruction in the motorist's path or lane of travel." *Erdman v. Mestrovich*, 97 N.E.2d 674, 678 (Ohio 1951). If Beals had performed his duty under the ACDA rule, he would have been able slow his own vehicle before colliding with the tractor-trailer, "eliminat[ing] the hazard" created by Sha's alleged stop. *Pursley*, 154 N.E.3d at 633 (finding no issue of comparative fault to be submitted to a jury because plaintiff's failure to maintain an ACDA was the independent cause of his injuries from rear-ending a stationary tanker); *see also Mitchell v. Kuchar,* No. 85363, 2005 WL 1707000 , at *3 (Ohio Ct. App. July 21, 2005) (finding sudden braking by driver of lead vehicle did not excuse plaintiff's violation of the ACDA rule where plaintiff rear-ended lead vehicle). "Rather than eliminate the hazard, he failed to perform his legal duty, and this failure [was] the proximate cause of the injury resulting from this act." *Pursley*, 154 N.E.3d at 633 (internal quotations and citation omitted).

Because plaintiffs have not identified a dispute of material fact as to causation on the underlying negligence claim, the derivative claims for loss of consortium and vicarious liability fail. *See Shiner v. BASF Catalysts, LLC*, No. 1:19-cv-1591, 2021 WL 4391227, at *8 (N.D. Ohio Sept. 24, 2021) (finding, under Ohio law, that "[b]ecause Plaintiffs' negligence fails as a matter of law, so too does the derivative consortium claim."); *see also Priore v. State Farm Fire & Cas. Co.*, No. 99692, 2014 WL 811776 *10 (Ohio Ct. App. Feb. 27, 2014) ("Because summary judgment was properly granted for the negligence claim, it follows that Priore's vicarious liability claim . . . is also subject to summary judgment"). Summary judgment is granted on both claims.

*ii. Negligent Entrustment*

Plaintiffs did not explicitly oppose summary judgment on their claim for negligent entrustment, but the Court may not grant summary judgment on that fact alone. Instead, it must "review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists." *Fed. Trade Comm'n v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014).

To prevail on a negligent entrustment claim involving the operation of a vehicle, plaintiffs must demonstrate: "(1) the vehicle was operated with permission of the owner; (2) the driver of the vehicle was incompetent to operate it; and (3) the owner of the vehicle knew—either through actual knowledge or through knowledge implied from known facts at the time of the entrustment—that the driver was unqualified or incompetent to operate the vehicle." *Commonwealth Cas. Ins. Co. v. Small*, No. 24AP-238, 2025 WL 274839, at *7 (Ohio Ct. App. Jan. 23, 2025). The record is devoid of any information about Sha's incompetence or C&R's knowledge thereof. Thus, plaintiffs cannot satisfy the elements of this claim and summary judgment is proper.[4]

**C. Claims Against John/Jane Does 1–10**

While this case has been litigated exclusively between plaintiffs and C&R, the complaint also lists John/Jane Doe 1–10 as defendants. Plaintiffs describe the Does collectively as "persons, partnerships or corporations whose identity could not be readily ascertained despite the exercise of due diligence, but whose conduct contributed to the injury" of Beals. (Doc. No. 1 ¶ 5.) Discovery in this case is now complete, but plaintiffs have still not identified or served any of the Does. (*See* Doc. No. 28 (Case Management Plan and Trial Order), at 1.)

---

[4] Because the Court has concluded that summary judgment is proper on all claims against C&R, there are no claims upon which damages can be recovered. Therefore, C&R's argument relating to the application of a statutory cap on noneconomic damages under OHIO REV. CODE § 2315.18(B) (*see* Doc. No. 40, at 10–13) is moot.

10

In general, the use of unnamed defendants is not favored in the federal courts. *Haddad v. Fromson*, 154 F. Supp. 2d 1085, 1093 (W.D. Mich. 2001) (citation omitted), *overruled on other grounds by Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002). Simply naming a person, using a fictitious title, in a lawsuit does not make that person a party and does not prevent the entry of a final judgment. *Id*. Since filing this action over a year ago, plaintiffs have had adequate opportunity to identify the Does but have failed to do so. Thus, the unnamed defendants are also dismissed without prejudice.

### IV. CONCLUSION

For the reasons set forth herein, defendant's motion for summary judgment (Doc. No. 40) is granted and this case is dismissed.

**IT IS SO ORDERED**.

Dated: August 8, 2025

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**